UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NELSON CHILIN,<br><br>   Plaintiff,<br><br>   v.<br><br>J. N &J GROUP INVESTMENT LLC, *et al.*,<br><br>   Defendants. | Case No. 5:23-cv-01530-FLA (DTBx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [DKT. 17]** |

**RULING**

Before the court is Plaintiff Nelson Chilin's ("Plaintiff" or "Chilin") Motion for Default Judgment ("Motion") against Defendant J. N &J Group Investment, LLC ("Defendant" or "J. N and J"). Dkt. 17 ("Mot."); Dkt. 17-1 ("Mot. Br"). On December 5, 2023, the court found this matter appropriate for resolution without oral argument and vacated the hearing set for January 20, 2023. Dkt. 18; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.

Plaintiff has failed to meet the initial burden to demonstrate the merits of his substantive claims. The court, therefore, DENIES Plaintiff's Motion with 30 days' leave to file an amended complaint or amended motion.

1

## BACKGROUND

Plaintiff is a California resident who suffers from paraplegia due to a spinal cord injury. Dkt. 1 ("Compl.") ¶ 1. As a result, Plaintiff is substantially limited in his ability to walk and requires use of a wheelchair at all times when in public. *Id.*

Plaintiff alleges Defendant owns the real property located at or about 103 E. 9th St., San Bernadino, California (the "Property"), which operates as a liquor store open to the public (the "Business"). *Id.* ¶¶ 2, 11. Plaintiff further alleges he attempted to visit the Business in or about April 2023, but encountered barriers that interfered with his ability to use and enjoy the goods, services, privileges, and accommodations offered at the Business. *Id.* ¶¶ 10–12. Specifically, Plaintiff alleges the Business failed to provide and maintain accessible parking spaces that complied with the Americans with Disabilities Act of 1990 (42 U.S.C. § 12101, *et seq.*, the "ADA"). *Id.* ¶¶ 13–14.

Plaintiff filed the Complaint on August 2, 2023, alleging five causes of action for: (1) violation of the ADA; (2) violation of the Unruh Civil Rights Act (Cal. Civ. Code §§ 51–53, the "Unruh Act"); (3) violation of the California Disabled Persons Act (Cal. Civ. Code §§ 54–55); (4) violation of California Health & Safety Code § 19955, *et seq.*; and (5) negligence for a breach of duty under the identified statutes. *Id.* at 4–11. Defendant did not respond to the Complaint.

On August 3, 2023, the court Ordered Plaintiff to Show Cause ("OSC") why the court should not decline to exercise supplemental jurisdiction over Plaintiff's state law claims. Dkt. 11. Plaintiff responded to the OSC on August 17, 2023. Dkt. 13. After reviewing Plaintiff's response, the court declined to exercise supplemental jurisdiction over the state law claims and dismissed these claims without prejudice. Dkt. 19. Only the first cause of action for violation of the ADA remains.

On October 5, 2023, Plaintiff filed a request for the court clerk to enter default against Defendant. Dkt. 15. The court clerk entered default against Defendant on October 6, 2023, pursuant to Fed. R. Civ. P. 55(a) ("Rule 55(a)"). Dkt. 16. On

November 3, 2023, Plaintiff filed the present Motion, seeking injunctive relief, reasonable attorney's fees, and litigation expenses. Mot. Plaintiff served the Motion upon Defendant on November 3, 2023. *See* Dkt. 17-6.

## DISCUSSION

### I.  Procedural Requirements

In this district, an application for a default judgment must be accompanied by a declaration in compliance with Rule 55(b)(1) or (2), that includes the following:

(a) When and against what party the default was entered;
(b) The identification of the pleading to which default was entered;
(c) Whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative;
(d) That the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and
(e) That notice has been served on the defaulting party, if required by [Rule] 55(b)(2).

Local Rule 55-1.

The instant Motion and supporting materials state: (a) default was entered against Defendant on October 6, 2023; (b) default was entered by a clerk of the court on the operative Complaint; (c) Defendant is not a minor or incompetent person; (d) the Soldiers and Sailors' Civil Relief Act of 1940 does not preclude default on this action; and (e) Defendant was served notice of the filing of the Summons and Complaint on September 7, 2023. Dkt. 17-2 ("Kim Decl.") ¶¶ 3, 5; Dkt. 14. This is sufficient to satisfy the procedural requirements of Local Rule 55-1.

### II.  Legal Standard

The court clerk is generally authorized to enter a default judgment at a plaintiff's request against a defendant, who is neither a minor nor an incompetent person, without a court hearing or judicial action if the claim is for "a sum certain or a sum that can be made certain by computation…." Fed. R. Civ. P. 55(b)(1). In all other cases, the plaintiff must apply to the court for a default judgment. Fed. R. Civ.

1 P. 55(b)(2). Default judgments are ordinarily disfavored, as cases should be decided
2 on their merits whenever reasonably possible. *Eitel v. McCool*, 782 F.2d 1470, 1472
3 (9th Cir. 1986).
4       Rule 55 gives the court considerable discretion as to what it may require as a
5 prerequisite to the entry of a default judgment. *TeleVideo Sys., Inc. v. Heidenthal*, 826
6 F.2d 915, 917 (9th Cir. 1987). "The court may conduct hearings or make referrals—
7 preserving any federal statutory right to a jury trial—when, to enter or effectuate
8 judgment, it needs to: (A) conduct an accounting; (B) determine the amount of
9 damages; (C) establish the truth of any allegation by evidence; or (D) investigate any
10 other matter." Fed. R. Civ. P. 55(b)(2) (paragraph breaks omitted). "If the party
11 against whom a default judgment is sought has appeared personally or by a
12 representative, that party or its representative must be served with written notice of the
13 application at least 7 days before the hearing." *Id.*
14       "'The general rule of law is that upon default[,] the factual allegations of the
15 complaint, except those relating to the amount of damages, will be taken as true.'"
16 *TeleVideo*, 826 F.2d at 917–18 (citations omitted). "However, a 'defendant is not held
17 to admit facts that are not well-pleaded or to admit conclusions of law.'" *DirecTV,*
18 *Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (citation omitted). "Factors
19 which may be considered by courts in exercising discretion as to the entry of a default
20 judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of
21 plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of
22 money at stake in the action[,] (5) the possibility of a dispute concerning material
23 facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy
24 underlying the Federal Rules of Civil Procedure favoring decisions on the merits."
25 *Eitel*, 782 F.2d at 1471–72.
26 / / /
27 / / /
28 / / /

### III. Sufficiency of Plaintiff's Remaining Claim for Violation of the ADA

#### A. Discrimination under the ADA

"Title III of the ADA prohibits discrimination by public accommodations." *Karczewski v. DCH Mission Valley LLC*, 862 F.3d 1006, 1009 (9th Cir. 2017) (quotation marks, citation, and ellipses omitted). "Public accommodations must start by considering how their facilities are used by non-disabled guests and then take reasonable steps to provide disabled guests with a like experience." *Id.* (quotation marks omitted). Pursuant to 42 U.S.C. § 12182(a): "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

"To prevail on a discrimination claim under Title III, a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." *Arizona ex rel. Goddard v. Harkins Amusement Enters.*, 603 F.3d 666, 670 (9th Cir. 2010). In the context of existing facilities, discrimination includes "a failure to remove architectural barriers … where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv); *see also Chapman v. Pier 1 Imps. (U.S.), Inc.*, 631 F.3d 939, 945 (9th Cir. 2011).

"In addition, even if 'an entity can demonstrate that the removal of a barrier is not readily achievable,' the entity is still liable under the ADA if it fails to 'make its goods, services, facilities, privileges, advantages, or accommodations available through alternative methods' so long as 'such methods are readily achievable.'" *Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030, 1034 (9th Cir. 2020) (quoting 42 U.S.C. § 12182(b)(2)(A)(v)) (emphasis, brackets, ellipses omitted). "The ADA defines the phrase 'readily achievable' as 'easily accomplishable and able to be

carried out without much difficulty or expense.'" *Id.* (citing 42 U.S.C. § 12181(9), "§ 12181(9)").

"[A] disabled individual claiming discrimination must satisfy the case or controversy requirement of Article III by demonstrating his standing to sue at each stage of the litigation." *Chapman*, 631 F.3d at 946. "[A]n ADA plaintiff who has Article III standing as a result of at least one barrier at a place of public accommodation may, in one suit, permissibly challenge all barriers in that public accommodation that are related to his or her specific disability." *Id.* at 950–51.

### B.     Plaintiff's Disability

Plaintiff attests he suffers from paraplegia due to a spinal cord injury and uses a wheelchair for mobility at all times when traveling in public. Compl. ¶ 1; Dkt. 17-3 ("Chilin Decl.") ¶ 2. On the subject Motion, Plaintiff's testimony is sufficient to establish he is disabled within the meaning of the ADA. *See TeleVideo*, 826 F.2d at 917–18.

### C.     Defendant's Ownership, Lease, or Operation of a Place of Public Accommodation

Plaintiff contends he encountered barriers when Defendant failed to provide and maintain an accessible parking space at the Property. Compl. ¶¶ 12–13; Chilin Decl. ¶¶ 3–4. The Business qualifies as a public accommodation under § 12181(7)(E). Plaintiff presents evidence Defendant is the owner of the Business and the Property. Kim Decl. ¶ 4. This evidence is sufficient to establish Defendant owns, leases, or operates a place of public accommodation and to establish the second element of Plaintiff's claim. *See Goddard*, 603 F.3d at 670.

### D.     Denial of Public Accommodation

According to Plaintiff, on the date of his visit, Defendant failed to: (1) properly paint and maintain the parking space designated for persons with disabilities, in violation of 36 C.F.R. part 1191 and the California Building Code ("CBC"); (2) mark the designated parking space with the International Symbol of Accessibility in

violation of the CBC; (3) identify the designated parking space with proper signage; and (4) provide an access aisle of sufficient width and with proper markings, in violation of the ADA.  Compl. ¶¶ 21–26.  Plaintiff states the barriers and conditions he encountered denied him full and equal access to the Business and caused him difficulty, discomfort, frustration, or embarrassment.  *Id.* ¶¶ 14, 29.  The court will address Plaintiff's claims regarding violations of the CBC and ADA separately.

### 1. **Plaintiff's Claims Regarding Violations of the CBC**

Plaintiff alleges Defendant violated the ADA because it did not provide an accessible parking space that complied with the painting, marking, and signage requirements of CBC §§ 11B-502.3.3, 11B-502.8, and 11B-502.6, *et seq.*  Compl. ¶¶ 21–25.  Plaintiff does not identify specifically any legal authority to establish that a violation of these provisions of the California Building Code also constitutes a violation of the ADA.  *See* Compl.; Mot. Br.  Plaintiff, thus, fails to demonstrate he is entitled to default judgment on this portion of his ADA claim, and the court will not grant the Motion on this basis.

### 2. **Plaintiff's Claims Regarding Violations of ADA Standards**

The technical structural requirements for places of public accommodation to comply with the ADA are defined, in part, by the ADA Accessibility Guidelines ("ADAAG"), which the United States Department of Justice ("DOJ") promulgated in 1991 and revised in 2010.[1]  36 C.F.R. § 1191.1(a); *Chapman*, 631 F.3d at 945 (citing 28 C.F.R. § 36.406(a) & 28 C.F.R. pt. 36, app. A); *see also Kohler v. Flava Enters.*,

---

[1] The 1991 ADAAG Standards are codified in 28 C.F.R. part 36, appendix D.  28 C.F.R. § 36.104.  The 2010 Standards are codified in 28 C.F.R. part 36, subpart D and in the versions of the appendices B and D to 36 C.F.R. part 1191 published in the 2009 edition of the Code of Federal Regulations.  28 C.F.R. § 36.104; 36 C.F.R. § 1191.1(a) n. 2.  Section 1191.1(a), note 2, specifically cautions that subsequent revisions to appendices B and D of that section should not be used by the public because they are not included in the 2010 Standards and have no legal effect for facilities subject to its ADA regulations until adopted by the DOJ.

7

826 F. Supp. 2d 1221, 1229 (S.D. Cal 2011).

In existing facilities,[2] all architectural and structural elements must comply with the 1991 Standards to the extent compliance is readily achievable. 28 C.F.R. § 36.304(a), (d)(2), (d)(3). "Elements that have not been altered in existing facilities on or after March 15, 2012, and that comply with the corresponding technical and scoping specifications for those elements in the 1991 Standards are not required to be modified in order to comply with the requirements set forth in the 2010 Standards." 28 C.F.R. § 36.304(d)(2)(i).

This safe harbor does not apply to elements in existing facilities that are subject to supplemental requirements under the 2010 Standards, which "must be modified to the extent readily achievable to comply with the 2010 Standards." *Id.* § 36.304(d)(2)(iii). Accordingly, the 2010 Standards apply only to elements of existing facilities that (1) have been altered on or after March 15, 2012, and fail to comply with the requirements of the 1991 Standards, or (2) are subject to supplemental requirements for which there were no corresponding technical and scoping specifications in the 1991 Standards. *Id.* § 36.304(d)(2).

In the Complaint, Plaintiff alleges Defendant violated the ADA by failing to comply with provisions of the 1991 and/or 2010 Standards. Compl. ¶¶ 18–21. Plaintiff, however, does not specify which version of the Standards apply to the Business and Property, and states only that "Defendant[] [is] in violation of Plaintiff's rights under the ADA and its related regulations." Compl. ¶ 28; *see also* Mot. Br. at 9. To the extent Plaintiff intends to argue that Defendant violated the 2010 Standards, Plaintiff neither pleads nor presents evidence to establish the Business or any relevant portion of the Property was constructed or altered after March 15, 2012, or that any

---

[2] "Facility means all or any portion of buildings, structures, sites, complexes, equipment, rolling stock or other conveyances, roads, walks, passageways, parking lots, or other real or personal property, including the site where the building, property, structure, or equipment is located." 28 C.F.R. § 36.104.

elements are subject to supplemental requirements under the 2010 Standards. *See* 28 C.F.R. § 36.304(a), (d)(2). Plaintiff, thus, fails to establish that the 2010 Standards apply here. Nevertheless, for the sake of completeness, the court will discuss Plaintiff's allegations regarding both the 1991 and 2010 Standards below.

Plaintiff contends Defendant violated Section 4.1.2(5)(b) of the 1991 Standards and/or Section 208.2.4 of the 2010 Standards with respect to the minimum width of accessible parking spaces. Compl. ¶ 21. Section 4.1.2(5)(b) of the 1991 Standards provides that "one in every eight accessible spaces, but not less than one, shall be served by an access aisle 96 in (2440 mm) wide minimum and shall be designated 'van accessible.'" 28 C.F.R. pt. 36, app. D. Section 208.2.4 of the 2010 Standards provides that "for every six or fraction of six parking spaces required by 208.2 to comply with 502, at least one shall be a van accessible parking space." 36 C.F.R. pt. 1191, app. B.

Plaintiff does not specify which of these two standards apply or explain how they have been breached. Similarly, Plaintiff does not plead any specific facts as to the width of Defendant's parking spaces, whether they are "van accessible" or present any evidence that the Business failed to comply with the Sections identified in the Complaint. Plaintiff's conclusory statements that Defendant failed to provide compliant parking spaces are insufficient to support Plaintiff's request for default judgment on this basis for his ADA claim. *See DirecTV*, 503 F.3d at 854.

Plaintiffs' ADA claim additionally fails because he does not plead any facts or present evidence to establish that (1) removing the barriers alleged would be readily achievable, or (2) if removal is not readily achievable, Defendant could have made the Business more accessible to Plaintiff through alternative means without much difficulty or expense. *See Lopez*, 974 F.3d at 1034 (citing 42 U.S.C. §§ 12182(b)(2)(A)(iv)–(v)).

In *Lopez*, 97 F.3d at 1035–36, the Ninth Circuit established a two-part burden-shifting framework for addressing claims for removal of architectural barriers. Under

9

this framework, a plaintiff bears the initial burden of production to "plausibly show how the cost of removing the architectural barrier at issue does not exceed the benefits under the circumstances." *Id*. at 1038 (adopting the Second Circuit's approach in *Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 373 (2d Cir. 2008)). "If the plaintiff makes a plausible showing that the requested accommodation is readily achievable, the burden then shifts to the defendant to counter the plaintiff's initial showing, and at that point the district court is required under the statute to weigh each of the § 12181(9) factors to determine whether removal of the architectural barrier is readily achievable or not." *Id.* at 1038–39.

These factors include:

(A) the nature and cost of the action needed…;

(B) the overall financial resources of the facility or facilities involved in the action; the number of persons employed at such facility; the effect on expenses and resources, or the impact otherwise of such action upon the operation of the facility;

(C) the overall financial resources of the covered entity; the overall size of the business of a covered entity with respect to the number of its employees; the number, type, and location of its facilities; and

(D) the type of operation or operations of the covered entity, including the composition, structure, and functions of the workforce of such entity; the geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity.

42 U.S.C. § 12181(9)(A)–(D). "[P]laintiffs are not required to address in detail each of the four factors to meet their initial burden of plausibly explaining why it is readily achievable to remove an architectural barrier," though it is in their "best interest to submit as much evidence as possible pertaining to each of the § 12181(9) factors in their initial barrier-removal proposal[.]" *Lopez*, 974 F.3d at 1038–39.

Here, Plaintiff fails to meet his initial burden on this issue. Plaintiff does not plead or present any evidence regarding methods of barrier removal that do not exceed the benefits under the circumstances. *See* Compl. The Complaint alleges only:

>At all relevant times, Defendants had and still have control and dominion over the conditions at this location and had and still have the financial resources to remove these barriers without much difficulty or expenses to make the Business accessible to the physically disabled in compliance with ADDAG [sic] and Title 24 regulations. Defendants have not removed such barriers and have not modified the Business to conform to accessibility regulations.

Compl. ¶ 17. These allegations are legal conclusions that the court does not treat as admitted on the subject Motion. *See DirecTV*, 503 F.3d at 854.

Plaintiff contends "Defendant only needs to provide the additional required signs stating 'Minimum Fine $250', 'Van Accessible' and the 'Unauthorized Parking' tow-away warning sign; and provide an access aisle with the minimum width of 96 inches, including the blue hatched lines and 'NO PARKING' marking." Mot. Br. at 8–9. Plaintiff, however, did not plead any specific facts in the Complaint or present specific evidence regarding the Property.[3] At most, Plaintiff only identifies problems with the Property and does not meet his initial burden under § 12181(9) to show plausibly that these proposed corrections are readily achievable. *See Lopez*, 974 F.3d at 1039. Plaintiff, thus, fails to establish sufficiently a violation of the ADA on this additional basis.

---

[3] The court further notes that Plaintiff's request for default judgment fails because Plaintiff does not identify, specifically, the terms of the injunction sought and the conduct he would like the court to order Defendant to take. *See Lopez*, 974 F.3d at 1035 ("[A]t the outset, a plaintiff must make clear what accommodation is needed, and disability accommodations can be idiosyncratic."). Plaintiff's Prayer for Relief requests injunctive relief "directing Defendants to comply with the Americans with Disability Act…." Compl. at 11, Prayer ¶ 1. The Motion does not provide any additional details regarding the specific relief sought, and requests only "an Order directing the Defendant to: make alterations in such a manner that, to the maximum extent feasible, the goods, services, facilities, privileges, advantages, or accommodations offered by Defendant are readily accessible to and usable by individuals with disabilities at the property located at or about [the Property]." Mot. at 2. Plaintiff is not entitled to a general order enjoining Defendant to comply with the ADA and must identify specifically the readily achievable accommodations he seeks.

11

### E. Conclusion Regarding the Merits of Plaintiff's ADA Claim

In sum, the court finds Plaintiff has not pleaded facts or submitted evidence sufficient to establish the substantive merits of his ADA claim and is not entitled to default judgment on the subject Motion. *See Eitel*, 782 F.2d at 1471–72. Having denied the Motion on this basis, the court need not address the remaining *Eitel* factors.

### **CONCLUSION**

For the aforementioned reasons, the court DENIES Plaintiff's Motion for Default Judgment, with 30 days' leave to file an amended complaint or motion for default judgment. Failure to file an amended complaint or motion timely shall result in the dismissal of the action for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

Dated: July 29, 2024

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge